IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUIS HERNANDEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0654-B |
| | § | |
| SUBHASH JOSHI, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jose Luis Hernandez, a former Texas prisoner, alleging that he received inadequate medical care while incarcerated at the Sanders Estes Unit of the TDCJ-CID. On April 16, 2008, plaintiff tendered a complaint to the district clerk and filed a form application to proceed *in forma pauperis*. However, plaintiff did not provide any information about his financial condition or submit a certificate of inmate trust account as required by 28 U.S.C. § 1915(a)(2).[1] On May 2, 2008, notice of deficiency was mailed to plaintiff at the CCA Houston

---

[1] This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Detention Center, the address he provided to the clerk.[2] Plaintiff was ordered to fully answer all questions in his *in forma pauperis* application and submit a certified inmate trust account statement within 20 days, or the case would be dismissed. No action was taken in response to that order. A second deficiency notice was mailed to plaintiff on June 2, 2008, giving him an additional 20 days to correct these deficiencies. Nine days later, on June 11, 2008, the unopened envelope containing the second deficiency notice was returned to the clerk with the notation, "Return to Sender-- Released." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Two deficiency notices were mailed to plaintiff at the CCA Houston Detention Center -- the most recent address provided to the court. However, plaintiff is no longer incarcerated in that facility

---

[2] The deficiency notice was originally sent to plaintiff at the Sanders Estes Unit, but was re-mailed to the CCA Houston Detention Center after plaintiff notified the clerk of his change of address.

and has not furnished the court with his current address.[3] Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is clearly warranted under these circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (dismissing *pro se* prisoner complaint for failure to provide court with current address).

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court has confirmed through independent investigation that plaintiff is no longer incarcerated at the CCA Houston Detention Center.